(No. 3871—

HERMAN DREZNER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 12, 1945.*

*Petition of claimant for rehearing denied September 11, 1945.*

PAUL W. BRUST, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

ECKERT, J.

Claimant, Herman Drezner, was certified on May 1, 1939, by the Illinois Civil Service Commission to the

Illinos Liquor Control Commisson, and was thereupon employed by the Illinois Liquor Control Commission as a special agent. On November 25, 1941, written charges were filed with the Illinois Civil Service Commission alleging that claimant had solicited funds for the Democratic Party during the months of October and November, 1940. A Trial Board, appointed by the Commission, subsequently conducted an investigation of the charges, and claimant was suspended from his position for a period of thirty days from December 17, 1941, to January 16, 1942.

On January 14, 1942, the Illinois Civil Service Commission, approving the findings of its trial board, ordered that claimant be removed from his certified position as of January 31, 1942.

On May 21, 1942, claimant instituted proceedings in the Circuit Court of Cook County to secure his reinstatement and reassignment to duty as a special agent with the Illinois Liquor Control Commission. On January 12, 1943, the court entered a judgment order quashing the record of the discharge of claimant, which judgment was not appealed from, and is in full force and effect. Pursuant to this judgment, on January 21, 1943, claimant was reinstated and reassigned to duty as special agent with the Illinois Liquor Control Commission in the classified service of the State of Illinois, and since that time has performed the duties of the position and received the salary attached thereto.

Claimant now alleges that from December 17, 1941, to January 21, 1943, he was illegally prevented from performing the duties of his position as special agent, and was illegally deprived of the salary accruing to that position; that during all of said time he was ready, able and willing to perform the dutes of the position, and was ille-

18

gally prevented from doing so; that the salary of the position of such special agent was $2400 per year, payable in monthly payments of $200 each; that for the month of December, 1941, claimant was paid for seventeen days only in the sum of $103.22; that under Section 12 of the State Civil Service Act, his suspension in excess of thirty days was prohibited; that he remained under suspension and was denied the right to perform the duties and receive the salary as such special agent from December 17, 1941, to January 21, 1943; and that there is due and owing to him for salary for said period the sum of $2626.68.

The claimant also alleges that the Illinois General Assembly, at its regular 1941 session, made an appropriation for the ordinary and contingent expenses of the Illinois Liquor Control Commission, which appropriation included $300,800.00 for salaries and wages of employees of the Commission; that the appropriation was in part as follows: 36 special agents at $2400.00 each, $86,400.00 per annum; and that there were sufficient funds on hand when the appropriation lapsed to pay claimant the amount of salary alleged to be due him for the period in question.

From the record, it appears that claimant was a duly qualified civil service employee of the State of Illinois; that he was properly suspended for a period of thirty days; that at the expiration of said period of thirty days he was illegally discharged and wrongfully prevented from performing the duties of his position; and that he was subsequently reinstated by order of a court of competent jurisdiction. He has been diligent in the protection of his own rights, and at all times for which he seeks payment of salary, he was ready, willing, and able to perform the duties of his position, tendered the performance thereof, and such tender was refused. A civil service

employee, illegally discharged and subsequently restored to his position by judgment of a court of competent jurisdiction is entitled to the salary provided for said position for the period of the illegal discharge where he is ready, able, and willing to perform the duties of such position and tendered his services to his employer. *Wilson* vs. *State,* 12 C. C. R. 413.

It also appears from the record, however, that during seven months of the period in question, there were thirty-six special agents employed by the Commission. The appropriation for the biennium was for salaries and wages of thirty-six special agents, at not to exceed an annual rate of $2400.00 each. Claimant's contention that if thirty-six agents had in fact been employed and paid, the payroll would have exhausted the appropriation for the period in question, can not be sustained. The appropriation was for a salary "not to exceed" the specified rate contained in the appropriation bill. The Illinois Liquor Control Commission could not at any time have employed more than the specified thirty-six special agents. During seven months of the period of claimant's absence from his employment, his position was filled by a de facto employee. Payment of the salary or compensation of a public office or employment to a de facto incumbent during the time that he performed its duties prior to the reinstatement of the de jure officer or employee is a defense to an action by the de jure officer seeking payment of the same salary or compensation. *Laird* vs. *State,* 13 C. C. R. 78.

The Court, therefore, finds that claimant is not entitled to the payment of salary for the period of thirty days during which he was rightfully suspended, and is not entitled to the payment of salary for the period of seven months during which time his position was filled by

a de facto employee. Claimant, however, is entitled to award for payment of his salary during the remaining period of his illegal discharge in the amount of $1026.68.

Award is therefore entered in favor of the claimant in the sum of $1026.68.